IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VOGEL NEWSOME                                              PLAINTIFF

VS.                               CIVIL ACTION NO. 3:07CV99TSL-LRA

MELODY CREWS, ET AL.                                     DEFENDANTS


CONSOLIDATED WITH

VOGEL NEWSOME                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:07CV560TSL-LRA

MELODY CREWS, ET AL.                                     DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the objections of
defendants Melody Crews and Spring Lake Apartments to the
magistrate judge's May 29, 2008 report and recommendation.
Although <u>pro</u> <u>se</u> plaintiff Vogel Newsome requested and was granted
additional time in which to file her objections, she filed no
objections.  Having reviewed the defendants' objections, the court
concludes that the report and recommendation should be adopted in
part as the finding of the court as to the claims in Civil Action
No. 3:07CV99TSL-JCS, the court further concludes that the motions
of The Bryan Company, Spring Lake Apartments, LLC, Melody Crews
and Dial Equities in Civil Action No. 3:07CV560TSL-JCS should be
granted.

The alleged facts underlying plaintiff's complaints in these
consolidated cases relate to her efforts to lease an apartment at

the Spring Lake Apartments in Jackson, Mississippi, alleged travails she faced during her tenancy in an apartment there, and her ultimate eviction from the apartment for non-payment of rent. According to the facts alleged in her first complaint, filed pro se by plaintiff on February 14, 2007,[1] plaintiff first sought to lease an apartment at Spring Lake Apartments in August 2005. Although she was initially turned down, she was able to lease an apartment beginning in September 2005.  She alleges, however, that from the beginning of her tenancy, she experienced difficulties, including being without power for the first three days of her occupancy and having a leaking roof in her storage unit. Plaintiff alleges that when the apartment manager Melody Crews, and the apartment owner Spring Lake Apartments, LLC and Dial Equities, Inc. (collectively the Dial defendants) failed to repair the leaky roof after repeated requests, she began to withhold a portion of her December 2005 and January 2006 rent payments to offset damage to personal property caused by the leaky roof.  She asserts that after several months of difficulties related to the condition of the apartment and of conflicts between her and Crews, the Dial defendants illegally and unjustifiably instituted eviction proceedings against her in Hinds County Justice Court.

---

[1]     The action, designated as Civil Action No. 3:07CV99TSL-LRA, is referred to as "Newsome I."

Plaintiff's complaint recites that on January 27, 2006, a hearing was held in Hinds County Justice Court before Judge William F. Skinner, and that notwithstanding her objection that she had not been properly served with process by Hinds County Constable Jon Lewis, Judge Skinner entered judgment against her. She asserts that while Judge Skinner purported to inform her of her right to appeal, he misinformed her about the appeals process, so that while she did timely file a notice of appeal, she filed it with the Clerk of the Justice Court, instead of the Hinds County Circuit Clerk, as prescribed by statute.

Plaintiff alleges that on February 14, 2006, she arrived at her apartment to find Crews, along with Constable Lewis, removing her personal belongings from the apartment, notwithstanding that Lewis had failed to properly serve her with the warrant of removal.  Plaintiff recites that following an exchange with Lewis, who was conspiring with Crews to oust her from the apartment, she was arrested, allegedly because of her African-American race and in violation of her civil rights.  She further alleges that while she was in Lewis's custody, her personal property, which defendants had left unprotected outside the apartment, was stolen.  Plaintiff was released from custody and no charges have ever been filed against her related to the incident.

On March 15, 2006, shortly following her eviction and arrest, plaintiff filed suit in the Hinds County Court against Crews,

3

Spring Lake and Dial Equities, charging each with misconduct related to the termination of her lease and eviction from her property.  Specifically, plaintiff alleged breach of contract and unlawful removal claims for which she sought compensatory and punitive damages.  On September 5, 2006, the judge dismissed plaintiff's complaint against Spring Lake for failure to state a claim for relief since it had sold the apartment complex to Dial Equities on August 25, 2005, prior to plaintiff's tenancy.  Then, on September 27, 2006, the court dismissed Crews and Dial on the basis of <u>res judicata</u> and collateral estoppel.  As reflected in his order of dismissal, the judge concluded that Newsome's failure to timely file her notice of appeal barred her from raising any issues related to her lease, occupancy and eviction from her apartment, as well as from relitigating the questions of service of process and sufficiency of process.  Newsome did not appeal the decision of the county court judge.

Newsome filed her first complaint in this court on February 14, 2007 against Spring Lake, Dial Equities, Melody Crews, Constable Lewis and Judge Skinner, and against Hinds County Sheriff Malcolm McMillin and Hinds County, purporting to set forth various state law claims[2] and federal claims pursuant to 28 U.S.C.

---

[2]

Specifically, the complaint purports to assert the following state law claims: (1) malicious prosecution; (2) abuse of process; (3) action for neglect to prevent; (4) unlawful arrest/false imprisonment; (5) duress; (6) intentional infliction of emotional

4

§§ 1983 and 1985.  On July 13, 2007, prior to answering the
complaint, defendants Hinds County and McMillin, later joined by
Spring Lake, Crews and Dial Equities, filed a motion for security
of costs.  See Ehm v. Amtrak Board of Directors, 780 F.2d 516, 517
(5th Cir. 1986) (holding that "[e]ven in absence of a local rule, a
district court has inherent power to require security for costs
when warranted by the circumstances of the case," taking into
account "the probability of plaintiff's success on the merits, the
background and purpose of the suit, and the reasonableness of the
amount of the posted security viewed from the perspective of both
plaintiff and defendant").  Defendants urged that Newsome should
be required to post a bond before the case could proceed,
primarily because the merits of her claims had already been
addressed and resolved against her in state court.

On August 13, 2007, Magistrate Judge Sumner entered an order
granting the motion to require a bond before further proceeding
with her lawsuit and staying the case until such time as plaintiff
posted a $1000 bond.  Plaintiff appealed the magistrate judge's
decision on August 22, 2007; but on September 21, 2007, while her
appeal was pending, plaintiff, acting through counsel, filed a
second complaint against Melody Crews, Spring Lake Apartments,

---

distress; and (8) negligent infliction of emotional distress.

Dial Equities and the Bryan Company,[3] Civil Action 3:07CV560WHB-
LRA ("Newsome II)," in which she asserted more claims relating to
her attempts to rent an apartment at Spring Lake Apartments and
her subsequent treatment as a tenant once a lease was finally
executed.  In her second complaint, plaintiff purported to assert
claims for violations of the Fair Housing Act, 42 U.S.C. §§ 3601
et seq., as well as 28 U.S.C. § 1981,[4] and claims under state law
for "fraudulent breach of contract and breach of covenant to
repair" and for "fraud/misrepresentation."

    On September 28, 2007, the court referred to Magistrate Judge
Linda R. Anderson, to whom the case had been re-assigned after
Judge Sumner's recusal, all of the then-pending motions in Newsome
I.  While these motions remained pending, on November 13th, the
court affirmed Magistrate Judge James C. Sumner's decision that
Newsome should be required to post a bond before the case could
proceed, granting Newsome until December 3, 2007, to post the bond
or face dismissal for failure to prosecute, and on March 13, 2008,

_____

[3]

    Plaintiff alleges in Newsome II that the Bryan Company has
either an ownership or management interest in Spring Lake
Apartments.

[4]

    Attorney Wanda Abioto filed the second complaint on
behalf of plaintiff.  On March 18, 2008, Abioto moved to
withdraw as counsel due to illness [Doc. 41].  Therein, she
requested that all plaintiff's filings in Newsome II subsequent to
the complaint be attributed solely to Newsome, and not to Abioto.

Judge Barbour <u>sua</u> <u>sponte</u> consolidated Newsome II with Newsome I.[5]
On April 24, 2008, the court referred to Magistrate Judge Anderson
defendant Crews' and Dial Equities' motion for summary judgment,
as well as numerous other non-dispositive motions.

On May 29, 2008, Magistrate Judge Anderson issued a report
and recommendation in which she recommended dismissal of Newsome's
complaint for failure to state a claim upon which relief can be
granted, and alternatively, based on Newsome's failure to post the
$1,000 bond by December 3, 2007, as required by the undersigned's
November 13, 2007 order. Judge Anderson first recommended
granting the Rule 12(b)(6) motions to dismiss filed by Spring
Lake, Dial Equities and Crews on the basis that plaintiff's
complaint against these defendants was barred by <u>res judicata</u>
and/or collateral estoppel, since the issues and claims herein
against these defendants had been previously resolved against
plaintiff in the prior state court action. The magistrate judge
further <u>sua</u> <u>sponte</u> recommended dismissal of the claims against
Sheriff McMillin and Hinds County because, while these defendants
were not sued in the state court actions, Newsome's complaint
herein revealed no factual or legal basis for any claim against
them but instead included "only conclusory, obscure and
unsupported allegations" against them. She also <u>sua</u> <u>sponte</u>

---

[5]

Judge Barbour denied Newsome's motion to reconsider this
decision on June 9, 2008.

recommended dismissal of the official capacity claims against

Judge Skinner, Constable Lewis, Sheriff McMillin and Hinds County

in their official capacities based on sovereign immunity, and

recommended dismissal of the claims against them in their

individual capacity due to plaintiff's failure to plead facts with

sufficient specificity to overcome a qualified immunity defense.

Alternatively, in consideration of the motions of all

defendants to dismiss for plaintiff's failure to post the bond

required by the court, Judge Anderson recommended dismissal for

failure to prosecute, and in particular, based on her failure to

timely post the bond required by the court.  Judge Anderson wrote:

> Judge Sumner cautioned Plaintiff that failure to post
> the required bond would result in a recommendation that
> the case be dismissed for failure to prosecute.  On
> September 5, 2007, this case was reassigned to the
> Undersigned United States Magistrate Judge.
>     Rather than post the bond as ordered by Judge
> Sumner, however, Plaintiff responded by filing [44]
> Plaintiff's Objections to Magistrate's Orders; Motion to
> Vacate/Set Aside and/or Expunge Said Orders, Motion for
> Findings and Memorandum of Law in Support Thereof and
> Jury Trial Demand.  On November 13, 2007, Judge Lee
> affirmed Judge Sumner's order in all respects, and
> directed Plaintiff to post the bond no later than
> December 3, 2007.  That very same day, Plaintiff refused
> to participate in a hearing before the Undersigned
> Magistrate Judge on the numerous dispositive and
> non-dispositive motions pending in this case, insisting
> this case had been improperly referred to the
> Undersigned by District Judge Tom Lee because she had
> not consented to a Magistrate Judge.  Plaintiff is
> mistaken, however. The Order of Referral was made
> pursuant to 28 U.S.C. § 636(b)(1)(B) and 72(b) of the
> Federal Rules of Civil Procedure, for which no consent
> is required - a fact that Plaintiff has been previously
> advised of by the Fifth Circuit, but continues to
> ignore.  See Vogel Newsome v. EEOC, 2002 WL 31845750

(5th Cir. 2002) (Consent of the parties not required for reference to magistrate of motion to dismiss for failure to state a claim under 29 U.S.C.A. § 636(b)(1)(B).

Defendants correctly point out that Plaintiff has shown a continuous pattern of disregard for the rules of Court, the Federal Rules of Civil Procedure, and the Orders of this Court. Indeed, as of the date of this Report and Recommendation, nearly nine (9) months after being ordered to do so, Plaintiff has yet to post the requisite bond. To the contrary, Plaintiff has filed numerous pleadings, in which she asserts that she is not required to abide by the rules of this Court. She gives no reasons authorized under the rules of the Court to justify her noncompliance with the Court's orders.

It is, therefore, the recommendation of the Undersigned, that this case be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to comply with this Court's orders. The Undersigned further recommends that following the expiration of the requisite ten (10) day deadline for submitting objections to the subject Report and Recommendation, that this Court issue an Order directing the Clerk of Court to accept no future filings in the United States District Courts of Mississippi, unless accompanied by full payment of the $1000.00 bond as previously ordered by this Court.

Although Crews and Spring Lake have filed what they denominate as an "objection" to Judge Anderson's report and recommendation, what they actually purport to seek is clarification that the report and recommendation is intended to address all of the pending dispositive motions in both consolidated civil actions, and that the report and recommendation recommends dismissal of all of the plaintiff's claims against this defendant, including those asserted in Newsome II (e.g., the Fair Housing Act claim).

Having reviewed the record in both Newsome I and Newsome II, the report and recommendation and the objections thereto, the

court concludes that the report and recommendation cannot fairly be construed as addressing the claims in Newsome II.  While the report and recommendation does reference Judge Barbour's order consolidating Newsome II with Newsome I, the report and recommendation does not acknowledge the claims asserted in Newsome II, including in particular the state law breach of contract and fraud claims and the Fair Housing Act claim.  Moreover, in the court's view, the fact the magistrate judge did not address the substance of these additional/separate claims negates any conclusion that she intended to recommend the dismissal of Newsome II.[6]  Those claims will be addressed _infra_.

   As for her recommendation regarding Newsome I, the court concurs with Judge Anderson's conclusion that plaintiff's complaint should be dismissed as to all defendants based on Newsome's failure to post the bond required by this court, and therefore, the undersigned adopts her recommendation in this regard as the finding of the court.[7]

---

[6]

   The language of the court's order in Newsome I requiring Newsome to post a bond before further proceeding in that action did not prohibit Newsome from filing a separate complaint to assert claims which were not advanced in Newsome I.  Accordingly, the court rejects defendants' argument that plaintiff was required to post a bond before she could pursue her claims in Newsome II.

[7]

   Because the court agrees with her recommendation in this regard, the court does not consider the alternative bases on which she recommended dismissal.  The court does note, however, that the magistrate judge's conclusion that plaintiff's claims against Crews, Spring Lake and Dial Equities are barred by _res judicata_ is

10

Turning to the dispositive motions in Newsome II, plaintiff's principal complaint in Newsome II is that defendants Crews, Spring Lake, Dial Equities and the Bryan Company discriminated against her on account of her race, in violation of the federal Fair Housing Act, 42 U.S.C. §§ 3601 et seq., and 28 U.S.C. § 1981. Plaintiff alleges that when she applied for an apartment in mid-August 2005, defendants initially tried to deny her an apartment because of her race by illegally requiring her to show creditworthiness in order to lease an apartment.  She alleges that despite defendants' illegal efforts in this regard, she entered into a lease for an apartment with them in September 2005.  She claims, however, that when she took physical possession of an

---

neither clearly erroneous nor contrary to law; her apparent conclusion that plaintiff made no allegations against McMillin to support a claim against him in his official or individual capacities is correct, and that she was also correct in concluding that Judge Skinner enjoys absolute immunity from plaintiff's claims.

The court recognizes that due to the one-year statute of limitations on some of the claims, the dismissal as to such claims is effectively with prejudice.  While the court realizes this is the harshest of sanctions which may be imposed, it finds that plaintiff's pattern of "stubborn resistance to authority" of this court warrants this result.  McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988).  Specifically, the court observes that, in addition to the behavior cited in the report and recommendation, plaintiff's filings have repeatedly impugned the integrity of the judges and magistrate judges of this court (see, e.g., Doc. No. 46, 50, 77, 94, 95, 112, 121 and 133 in Newsome I, and Doc. No. 27), and, as defendants have noted, other filings can be regarded as thinly veiled threats of vigilantism (see, e.g., Doc. Nos. 74 and 76).  Plaintiff's actions in this case have led the court to the conclusion that a lesser sanction would not serve the interests of justice in this case.

11

apartment, she discovered that she had no electricity because defendants had failed to "transfer the utility services back into its name after a prior tenant vacated the premise, or soon thereafter to ensure that the new tenants would be able to have utility services at the time of taking possession of the property."  She claims that defendants' actions in this regard were racially discriminatory, as was the dilatory manner in which they dealt with problems she had with a leaky roof in her storage unit, and defendants' ultimate eviction of her in January 2006. Plaintiff further alleges state law claims of "fraudulent breach of contract and breach of covenant to repair" and of "fraud/misrepresentation."

Defendant Crews has moved for summary judgment in Newsome II, and, prior to consolidation by Judge Barbour, defendants Spring Lake and The Bryan Company had filed separate motions to "transfer, or alternatively to dismiss,"[8] seeking dismissal pursuant to Rule 12(b)(6).  Plaintiff has responded in opposition to all three motions, and the court, having considered the parties' submissions, concludes that the motions for summary judgment are well taken and should be granted.

---

[8]    Recognizing that Judge Barbour had consolidated the two actions, on October 2, 2008, the court entered an order, finding these motions to be moot.  While the motions were moot insofar as they sought consolidation with Newsome I, the motions are not moot to the extent that they seek dismissal for failure to state a claim upon which relief can be granted.

12

In her motion, Crews initially asserts that <u>res</u> <u>judicata</u> and/or collateral estoppel bar Newsome's state law claims of "fraudulent breach of contract and breach of covenant to repair" and of "fraud/misrepresentation."  In response,[9] plaintiff urges that the motion should be stricken because it is a "sham," interposed by Crews as a means to continue to harass plaintiff. Although she additionally argues that the court should grant her a continuance under Rule 56(f) to allow her to conduct discovery on the issues presented by the motion, she fails to show how discovery would aid in the court's determination of the preclusive effect of the county court's judgment.  <u>See</u> <u>Access Telecom, Inc.</u> <u>v. MCI Telecomms. Corp.</u>, 197 F.3d 694, 719 (5th Cir. 1999) ("To obtain a continuance of a motion for summary judgment, a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of material fact and how a continuance would enable the party to present such evidence." (citation and internal quotation marks omitted)).  Accordingly, the court finds that this issue is ripe for resolution, and it is further clear that the issue must be resolved against Newsome.

---

[9]
    The response is contained in Document No. 148, which is entitled "Plaintiff's objections: Motion for Continuance; Motion to Strike Statements and Materials of Defendants Melody Crews and Dial Equities, Inc.'s Motion for Summary Judgment; Request for Rule 11 Sanctions of and against Defendant Melody Crews, Dial Equities, Inc., and Their Counsel Clark Monroe; and Jury Trial Demanded on Triable Issues."

Reid v. American Premier Ins. Co., 814 So. 2d 141, 145 (Miss.

2002) (stating that "rule of law known as res judicata provides

that when a court of competent jurisdiction enters a final

judgment on the merits of an action, the parties or their privies

are precluded from relitigating claims that were decided or could

have been raised in that action" and setting forth, inter alia,

elements of res judicata). Here, as Crews correctly points out,

plaintiff's state law claims herein, both of which arose out of

her lease, occupancy or eviction from the Spring Lake apartments

owned by Dial Equities and managed by Crews, could have been and

were not presented to the Justice Court of Hinds County. As was

later recognized by the county court, Newsome's failure to perfect

an appeal of the justice court's decision barred her from

relitigating issues related to her eviction in that court. This

failure, as well as Newsome's failure to appeal the county court

decision applying res judicata to the justice court decision,

prevents this court from revisiting the issue of the preclusive

effect of that order. Accordingly, Newsome is entitled to summary

judgment as to the state law claims in Newsome II.

Turning to plaintiff's federal claims, § 1981 provides, in

relevant part:

> All persons within the jurisdiction of the United States
> shall have the same right in every State and Territory
> to make and enforce contracts, to sue, be parties, give
> evidence, and to the full and equal benefit of all laws
> and proceedings for the security of persons and property

14

> as is enjoyed by white citizens, and shall be subject to
> like punishment, pains, penalties, taxes, licenses, and
> exactions of every kind, and to no other.

This section prohibits racial discrimination, both public and
private, in the making or enforcement of contracts.  "To prevail
under section 1981, the plaintiff must prove a prima facie case of
intentional discrimination."  Bellows v. Amoco Oil Co., 118 F.3d
268, 274 (5th Cir. 1997) (setting forth, inter alia, elements of
prima facie case under § 1981).  Section 3604(a) of the Fair
Housing Act makes it unlawful "[t]o refuse to sell or rent after
the making of a bona fide offer, or to refuse to negotiate for the
sale or rental of, or otherwise make unavailable or deny, a
dwelling to any person because of race."  Section 3604(b) makes it
unlawful to "discriminate against any person in the terms,
conditions, or privileges of sale or rental of a dwelling, or in
the provision of services or facilities in connection therewith,
because of race."  And § 3617 provides that "it shall be unlawful
to coerce, intimidate, threaten, or interfere with any person in
the exercise or enjoyment of, or on account of his having
exercised or enjoyed, or on account of his having aided or
encouraged any other person in the exercise or enjoyment of, any
right granted or protected by section 3603, 3604, 3605, or 3606 of
this title."[10]  Under the Fair Housing Act, an aggrieved person

---

[10]

Congress enacted the Fair Housing Act as Title VIII of the
Civil Rights Act of 1968, 42 U.S.C. §§ 3601 et seq., "to provide,

must commence his action in "an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3617.

By her complaint, plaintiff appears to maintain that § 1981 and the Fair Housing Act were violated in the following ways: (1) when she initially attempted to lease an apartment from Spring Lake in mid-August of 2005, "she was unduly required to present evidence to support credit worthiness based upon an assertion that her credit report showed a negative entry to Trustmark bank," which was a misrepresentation; (2) when she moved into her apartment on September 15, 2005, she had no electricity for three days due to defendants' failure to comply with their "procedure with Entergy Electrical Company which required that the Defendants transfer utility services back into its name after a prior tenant vacated the premises, or soon thereafter;" (3) she was not timely provided with a mailbox key; (4) defendants failed to satisfactorily address her complaints related to the leaky roof over her storage area; and (5) defendants unlawfully evicted her from her apartment.  According to the complaint, after she took possession of the apartment, defendants failed to provide her with services in an effort to "force her to give up her apartment."

---

within constitutional limitations, for fair housing throughout the United States."   42 U.S.C. § 3601.

With regard to Newsome's Fair Housing Act claims, Crews maintains that Newsome has not established a prima facie claim that despite her qualification, she was denied housing, and Crews adds that in any event, any claims based on the application and leasing process are barred by the Act's two-year statute of limitations.  She adds that Newsome "has failed to offer any evidence of discriminatory intent or discriminatory effects, either in the application process, residence period, or eviction process, much less shown that race was a significant factor in the Dial Defendants' dealings with Plaintiff."  Regarding plaintiff's putative § 1981 claim, Crews argues that not only has plaintiff failed to plead any facts demonstrating intentional discrimination, but additionally has failed to come forward with any evidence evincing intentional discrimination.  In support of her motion, Crews presents her affidavit, wherein she denies that she discriminated against Newsome on account of her race.  She further states that she had the roof over the storage unit repaired, and explains that she initiated eviction proceedings because Newsome unlawfully withheld portions of her rent, ostensibly to cover property damage caused by the roof leak, and yet when given the opportunity to do so, Newsom failed to provide proof of damage.  In response, plaintiff has offered no evidence to refute Crews' affidavit; rather, she merely cites Rule 56(f) and urges that discovery is necessary for her to fully respond to

17

the motion.  Clearly, Newsome has failed to demonstrate that she
is entitled to discovery prior to the court's ruling on the
motion.

     Initially, the court concludes that inasmuch as Newsome II
was filed on September 21, 2007, plaintiff's claim under § 3604(a)
that in mid-August 2005, defendants unlawfully failed to rent her
an apartment based on a bogus negative credit entry, is barred by
the Act's two-year statute of limitations.  See 42 U.S.C. § 3613.
Regarding any claim that Newsome may have under § 3604(b),[11] it is
clear that even were the court to assume that Newsome had
established a prima facie case, she has not, in the face of Crews'
legitimate non-discriminatory reason for the eviction, come
forward with evidence showing that the reason proffered by Crews
is merely a pretext for discrimination.  See McDonnell Douglas
Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668
(1972); Selden Apartments v. United States Dep't of Housing and
Urban Development, 785 F.2d 152, 159 (6th Cir. 1986)(concluding
that McDonnell-Douglas framework applies to both Fair Housing Act
claims and § 1981 claims).  Plaintiff's putative § 1981 claim

---

[11]
     The Fifth Circuit has concluded that the Fair Housing Act does
not provide for a claim for the denial of services unrelated to
constructive or actual convictions.  See Cox v. City of Dallas, 430
F.3d 734, 746 (5th Cir. 2005).  That is to say, plaintiff has no
claim for the denial of any services in and of themselves; instead
they must be connected to or related to an actual or constructive
eviction.

18

fails for the same reason.  <u>See</u> <u>Selden Apartments</u>, 785 F.2d at
159—160 (where § 1981 and Fair Housing Act claim based on same
proof, dismissal of one warranted dismissal of the other).
Finally, because Newsome's claims under §§ 3604(a) and (b) fail,
her claim under § 3617 must also fail.  <u>See</u> <u>McZeal v. Ocwen</u>
<u>Financial Corp.</u>, 252 F.3d 1355 (5th Cir. 2001) (where plaintiff's §
3604(a) claim failed, § 3617 retaliation claim likewise failed).
Accordingly, based on the foregoing, defendant Crews' motion for
summary judgment will be granted.

The Bryan Company and Spring Lake have moved to dismiss for
failure to state a claim.  They explain that prior to August 25,
2005, Spring Lake Apartments LLC owned the apartment complex where
Newsome would ultimately be a resident.  The Bryan Company managed
the complex.  As the Hinds County Court recognized in September
2006, Spring Lake LLC sold the complex, including use of the name
"Spring Lake Apartments," to defendant Dial Equities on August 25,
2005.  On this basis the Hinds County Court granted Spring Lake's
motion to dismiss for failure to state a claim.  By its motion,
the Byran Company urges that dismissal is required, because
contrary to the allegations in Newsome's complaint herein, it had
neither an ownership nor management interest in the apartment.  It
further argues that in light of its privity of interest with
Spring Lake LLC, <u>res judicata</u> should bar relitigation of
plaintiff's claims in this forum.  For its part, Spring Lake urges

that res judicata bars any further litigation.  In response to the motions, plaintiff complains that the motions to dismiss, in support of which defendants submitted evidence, are actually motions for summary judgment, which should be stricken as they were filed in bad faith.[12]  She further argues that, in any event, as she has presented proof that the Spring Lake LLC was not dissolved until September 2006, she has created an issue of fact as to whether it owned the apartment complex at the relevant times alleged in the complaint.[13]  This, however, is not the case. Regarding defendant Spring Lake, the county court concluded that it had sold the complex to Dial Equities on August 25, 2005; accordingly, as the issue of ownership was resolved against plaintiff in the county court action, and as plaintiff failed to appeal this decision, res judicata bars her state law claims and the doctrine of collateral estoppel precludes plaintiff from relitigatinng the issue of ownership to support any federal claims against this defendant.  See United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994) (setting forth, inter alia, elements of res judicata and collateral estoppel).  Further, as Newsome has

---

[12]
   Plaintiff's motion to strike defendants' motions to dismiss (Doc. No. 29) is denied.

[13]
   Finding that both parties have submitted matters outside the pleadings, the court will regard defendants' motions as being for summary judgment and as plaintiff has responded as though they were brought as Rule 56 motions, the court concludes that it is not necessary to afford any further notice.

20

not come forward with proof to contradict the affidavit of Steve Bryan, president of the Bryan Company, wherein he stated that the Bryan Company did not provide any management services to Dial Equities and has had no involvement with Spring Lake since August 25, 2005, dismissal of the claims against this defendant is likewise warranted.[14]  Accordingly, the court will granted the separate motions of defendants Spring Lake Apartments, LLC and the Bryan Company.

In Dial Equities' motion for summary judgment, filed after consolidation of the two cases, it takes the position that it "has not been served with process in Newsome II (3:06cv560) and has not filed a waiver of process, answer, or any other appearance in Newsome II."  As this defendant correctly maintains the record is devoid as to any proof of service, and as plaintiff has failed to provide an explanation as to the failure, the court concludes that the claims of against Dial Equities should be dismissed under Rule 4(m).[15]

Conclusion

_____

[14] The court notes that any potential Fair Housing Act claim against these defendants based on the alleged denial of Newsome's application in mid-August 2005, would be barred by the Act's two-year statute of limitations.

[15] Even if service of process had been properly effected, the claims in Newsome II against Dial Equities would be dismissed on the same bases as dismissal of the claims against its employee, Melody Crews.

Based on the foregoing, it is ordered that the magistrate judge's report and recommendation is adopted as to the recommendation of dismissal of Newsome I for failure to prosecute, and it is therefore ordered that the following motions related to Newsome II are granted:

1.  Defendant Melody Crews' motion for summary judgment [Doc. No. 142 in Newsome I];

2.  Defendant The Bryan Company's motion for summary judgment [docket entry no. 17 in Newsome II];

3.  Defendant Spring Lake Apartment, LLC's motion for summary judgment [docket entry no. 15 in Newsome II];

4. Defendant Dial Equities is dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure;

5.  All remaining pending motions in both Newsome I and Newsome II not specifically addressed in this memorandum opinion and order are denied as moot.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 1st day of December, 2008.


/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE